McKINNEY *v.* STREET.

(*Knoxville.* September 21, 1901.)

1. HUSBAND AND WIFE. *Wife not estopped by husband's act to claim her lands.*

The wife is not estopped to claim and recover her lands from a person to whom the husband has sold same, even where she knew of and approved the sale, or joined in it by title bond, and the husband has collected the purchase price or recovered same in a suit to which she was not a party, but equity will compel her to account for and restore any part of the purchase price she may have received personally, and will enforce the same against the land.

Cases cited: Gillespie *v.* Worford, 2 Cold., 696; Moseby *v.* Partee, 5 Heis., 31; Aiken *v.* Suttle, 4 Lea, 105; Jarnigan *v.* Levisy, 6 Lea, 400; Wright *v.* Duffield, 2 Bax., 221; Pilcher *v.* Smith, 2 Head, 208; Davis *v.* Jennings, 3 Tenn. Ch., 241; Rhea *v.* Iseley, 1 Shann. Cas., 220.

2. EVIDENCE. *Record incompetent.*

And in the wife's action to recover her land from the husband's purchaser, the record of an action in which he had recovered the purchase price, to which she was not a party, is not admissible in evidence against her.

FROM CARTER.

Appeal in error from Circuit Court of Carter County. H. T. CAMPBELL, J.

TIPTON & MILLER for McKinney.

BOREN, FOLSOM & EDENS and SIMERLY & ALLEN for Street.

WILKES, J.    This is an action of ejectment by Celia McKinney, suing by her husband as next friend, and joined by him as an individual, to recover from the defendants a tract of sixty-five acres of land in Carter County.    The contention is for a recovery in the right of the wife.    The cause was heard by a special Judge, without a jury, in the Court below, and relief was denied the complainant wife upon the theory that she had, by her conduct, estopped herself from suing for the land.    Complainants have appealed to this Court and assigned errors.

It appears that William McKinney, the husband and next friend of Celia, sold to the defendants three separate tracts of land at the same time and in a "lumping trade."    He executed a bond to make title upon the payment of the balance of purchase money.    All of this purchase money not having been paid, William McKinney brought suit in Chancery to collect the balance.    This suit resulted in a decree ordering a portion of the land sold for the purchase money unpaid, but adjudging that the sixty-five acres in controversy was free from any lien, and could not, therefore, be sold for the purchase money.    The sale made failed to bring the whole

of the purchase money by about $250. Thereupon this suit was brought to recover the unsold portion of the land, upon the ground that the title to it was in the wife and she had never parted with the same.

It appears from the proof that the wife did not sign the title bond, nor any other papers connected with the sale of the land; that she was no party to the suit to enforce the sale of the land in affirmance of the contract, and to recover the purchase money, but that she knew her husband was making the sale of the land, and she approved and consented to the same. It appears that a horse, bridle, and saddle was part of the consideration paid for the land, and that they were delivered to the husband for her, but that they actually went into her possession is not proven. She denies that she ever received them, and has neither retained them nor made any offer to do so. No question is made as to the original title of Celia McKinney. It is traced to the State, and is fully shown to have been in her. The sole and only question upon the merits is whether Celia McKinney has, by her conduct, estopped herself to sue for and recover the land.

The Court below, over objection of complainant, Celia, allowed the record of the Chancery Court, brought by her husband, William McKinney, to enforce collection of the purchase money by sale of the land, to be introduced in evidence against her. This, we think, was error. The wife was not

a party to that suit, nor did she sign the title bond on which it was based. The judgment or decree in that case against her husband could not operate to deprive her of·her land, or encumber the same, or estop her to assert her right to the same. Code, § 4234. Nor were the proceedings in that case competent to be used as evidence against her.

It being shown, and not disputed, that the original title to the land in controversy was in Celia McKinney, by grant from the State and by proper mesne conveyances, the Court is of opinion she cannot be deprived of it by operation of any rule or principle of estoppel in this case. And this would be true even if she had signed the bond for title, as such bond is not obligatory upon a married woman. She would, therefore, have a right to recover back the land, even though the purchaser. may have paid for it. It is true that in a Court of equity she would not be allowed to retake the land without restoring such of the purchase money as was actually received by her. In this case, however, the evidence does not show with any certainty that she received any portion of it herself. The only evidence tending to show such a fact is the statement of defendant that Celia McKinney told him, while the negotiations were pending for a sale of the land, that if the sale was made she was to have a mare, side-saddle, bridle, and cow out of the proceeds, and that he turned over to William McKinney, her husband, such articles for her. But

23 P—34

there is no proof that the husband ever delivered them to her, or that she received them in any way, or from any person. The case is governed by the principle laid down in the cases of *Gillespie* v. *Worford*, 2 Cold., 696; *Moseby* v. *Partee*, 5 Heis., 31–36; *Aiken* v. *Suttle*, 4 Lea, 105; *Jarnigan* v. *Levisey*, 6 Lea, 400; *Wright* v. *Duffield*, 2 Bax., 221; *Pilcher* v. *Smith*, 2 Head, 208: *Davis* v. *Jennings*, 3 Tenn. Ch., 241; *Rhea* v. *Iseley*, 1 Shann. Cas., 220.

In the case of *Pilcher* v. *Smith*, 2 Head, 208, it appeared that the woman executed a bond to convey title to land, and that the purchase money was wholly paid to the husband as her agent. She brought ejectment for the land. A bill was thereupon filed by the purchaser seeking a specific execution of the contract, and to have the purchase money refunded and compensation for improvements, and to enjoin the ejectment suit. This Court refused to execute the contract, on the ground that the title bond was that of a married woman, and, therefore, void, but decreed that under the bill filed, asking for general relief, she should be compelled to refund the purchase money.

In *Aiken* v. *Suttle* the married woman executed a power of attorney to sell her lands, which was duly acknowledged and registered. Under it the land was sold and conveyed by the attorney in fact. The married woman afterwards sought to have her right to the land declared, and clouds, etc., re-

moved, and the Court granted the relief on condition that she restore so much of the purchase money as she actually received the benefit of, and interest on it.

In *Rhea* v. *Iseley* the married woman conveyed the land, but the instrument was defectively acknowledged. It was held that she might avoid the sale, and as she had not actually received the purchase money, she would not be compelled to refund it.

We cannot see that any great injustice results to the defendants. According to their own statement they bought the three tracts in what they call a "lumping trade"—that is, for so much for the three tracts, and while, if we could look to it, the Chancellor appears to have decreed that the sixty-five acres had been paid for, still, defendants state in the present suit that a portion of the entire price was unpaid, and that they understood that this was on the three tracts as a whole, and that they had not fully paid for any particular tract. The only evidence of payment for this tract is found in the Chancery record, to which Celia McKinney was not a party, and which, we think, was not competent to be used as evidence against her.

The judgment of the Circuit Court Judge is, therefore, reversed, and judgment for complainant, Celia McKinney, will be entered here for the land in controversy and all costs. But no decree will be given for damages under the facts in the case.